SHAW KELLER LLP

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0709 - Direct
nhoeschen@shawkeller.com

September 30, 2021

**BY CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**Re: *Journey Med. Corp. v. Perrigo Pharma Int'l DAC*, C.A. No. 20-1413-CFC-JLH**

Dear Judge Hall:

Plaintiffs Journey Medical Corporation and Rose U LLC ("Plaintiffs") submit this letter in advance of the October 14, 2021 discovery conference setting forth their position on the disputed issue for which Plaintiffs seek relief.

## I. Perrigo's Obviousness Contentions Are Deficient

Plaintiffs have asserted claims from two families of patents: U.S. Patent Nos. 8,618,160, 9,744,105 and 10,052,267 ("the Johnston patents") and U.S. Patent Nos. 8,859,610, 9,259,414, 10,004,717, 10,543,192 and 10,548,875 ("the Statler patents"). Perrigo's contentions, served on May 19, 2021 run to over 2,500 pages and obscure Perrigo's true prior art arguments behind excessively numerous potential combinations of references (with reservation of rights to add more) and without citing to any specific motivation to combine the myriad references or any specific arguments supporting a reasonable expectation of success.

More specifically, in relation to the Johnston patents, Perrigo lists **88 references** which it asserts are "relevant to the invalidity of the Asserted Claims." Ex. A at 20-27.[1] In relation to the Statler patents Perrigo lists the same **88 references, plus an additional 16 new references**, all of which it asserts are "relevant to the invalidity of the Asserted Claims." Ex. A at 484-492. Perrigo's contentions thus rely on **104 prior art references**, which can be combined together in over a billion different ways.[2] This is an unreasonably large number of references. *See Dragon Intellectual Property, LLC v. Apple Inc., et al*, C.A. No. 13-2058-RGA, D.I. 69 (D. Del. Feb. 18, 2015) (Hearing Transcript) at 13:9-10 (Judge Andrews "asserting 44 or more references for one patent is excessive") (Ex. D). To make matters worse, Perrigo does not even limit its contentions to its billions of possible obviousness combinations, and reserves the option to add even more, as

[1] Plaintiffs have excerpted Perrigo's invalidity contentions to avoid burdening the Court with submission of Perrigo's full contentions, which are over 2,500 pages in length.

[2] Perrigo identifies 1,557,186 possible combinations of prior art in relation to each of the Johnston patents and $2.46 \times 10^{14}$ possible combinations of prior art in relation to each of the Statler patents. *See* Appendix A for calculation of number of possible reference combinations.

yet unknown combinations. Ex. A at 31, 632-633. Paragraphs 5(b) and 5(c) of this Court's Order exist to prevent the contentions like Perrigo's that result in unlimited potential theories of obviousness. *See Deere & Co. v. AGCO Corp. et al.*, Case No. 18-cv-827-CFC (D. Del.), Hr'g Tr., Oct. 2, 2019, at 37:15–17 (Ex. E).

Perrigo argues that the number of prior art references and combinations is the result of the number of claims Plaintiffs have asserted. *See* Ex. C, Aug. 19, 2021 letter from L. Lesko to B. Fletcher Price at 1-2. But inspection of Perrigo's contentions in relation to just a single exemplary claim quickly dispatches this argument. For example, in relation to claim 1 of the '160 patent Perrigo identifies 31 references, resulting in over 1.5 billion possible combinations. Ex. A at 33-36. From these possibilities, Perrigo identifies at least 285 "exemplary" prior art combinations, itself far too many (*id.* at 63-93), and does not even limit itself to these hundreds of "exemplary" combinations. Instead, Perrigo reserves the right "to add one or more additional references" to each combination. *Id.* at 31. Indeed, Perrigo cites additional references in its claim charts, identifying between 30 and 74 references that allegedly disclose, alone or in combination, each of the six elements of claim 1 of the '190 patent. Ex. B at Appendix A at 1-21. This fails to adequately identify the prior art combinations on which Perrigo intends to rely. *See Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10-cv-0541-GPC-WVG, 2014 WL358430, at *5 (S.D. Cal. Jan. 31, 2014) (a blanket statement that "each item of the prior art renders the asserted claims obvious in combination with each other, or any of them, and/or in combination with features well known to people with skill in the art at the time of the respective applications" was insufficient under S.D. Cal. Patent Local Rule 3-3(b). (Ex. F).[3] Perrigo's complaint regarding the number of asserted claims is thus irrelevant: reducing Plaintiffs' asserted claims even to a single claim would not remedy the deficiencies in Perrigo's contentions.

Early meaningful contentions serve an important purpose by enabling parties to narrow their case. As shown above, Perrigo's complaints about the number of asserted claims is irrelevant. Indeed, in the ANDA context, Perrigo's complaint is baseless because it was required to review the patents in the Orange Book for Qbrexza and develop its invalidity contentions before filing its ANDA. This Court has thus rejected attempts by generic manufacturers to force asserted claim narrowing prior to providing meaningful invalidity contentions. *Pharmacyclics LLC v. Alvogen Pine Brook LLC*, No. 19-cv-00434-CFC, D.I. 176 (D. Del. Jan. 13, 2020) (Hearing Transcript) at 55:9-16 (Judge Connolly "You get the benefit of ANDA because you piggyback on all the work that plaintiff did, and that's how you get in front of the FDA and you get expedited approval. So I think you have to go first. And so if you want them to reduce claims, you are going to have to reduce your invalidity contentions first.") (Ex. I). Perrigo's demand that Plaintiffs narrow claims now puts cart before horse, because knowledge of Perrigo's actual invalidity positions is an important predicate to allow Plaintiffs' to narrow their claims before trial. Narrowing the asserted claims without the benefit of legitimate invalidity contentions would unduly prejudice Plaintiffs. *Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, 223 F. Supp. 3d 202, 204-5 (D. Del. 2016) (Plaintiffs would be prejudiced if forced to narrow their claims in a vacuum, without the benefit of fulsome invalidity contentions) (Ex. J).

---

[3] S.D. Cal. Patent Local Rule 3-3(b) is identical in relevant part to ¶5(b) of the Scheduling Order in this matter.

Perrigo also fails to identify which specific claim elements are allegedly taught by each reference in each combination. Although the claim charts in Perrigo's Appendices A-H purport to identify specific elements allegedly taught, Perrigo explicitly states that "the presence of a citation to a prior art reference/product for any limitation should not be interpreted as, *inter alia*, a statement that the reference/product alone necessarily discloses and/or teaches that limitation, at least because the reference/product may be combined with the knowledge of the person of ordinary skill in the art at the relevant time, and/or with other prior art references/products." Ex. A at 458, 1775. This fundamentally fails to disclose "where and how in each alleged item of prior art each limitation of each asserted claim is found." *See Slot Speaker Technologies, Inc. v. Apple Inc.*, No. 13-cv-01161-HSG-DMR, 2017 WL235049, at *6-7 (N.D. Cal. Jan. 19, 2017) (obviousness disclosures that included the phrase "in combination with the other charted prior art references" was too vague because it was unclear what references it referred to) (Ex. G).

Perrigo's invalidity contentions further fail to adequately describe the motivation to combine the specific references in the identified combinations with the required reasonable expectation of success. Instead, Perrigo identifies 61 *more* references in a footnote spanning several pages that it *might* rely on "to show motivation, expectation of success, the lack of secondary considerations, the level of ordinary skill in the art, the knowledge of a person of ordinary skill in the art at the relevant time, and/or relevant background information regarding the claimed subject matter." Ex. A at 29-30, n. 41; 630-632, n. 331. And yet gain, Perrigo does not even limit itself to these identified references, but "reserves the right to rely on any and all evidence, regardless of whether disclosed [in its contentions]." *Id*. at 5. This disclosure does not comply with the Scheduling Order, or with *KSR*'s directive that a reason to combine known elements "should be made explicit." *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 418 (2007).

## II. Perrigo's § 112 Invalidity Contentions Are Deficient

Perrigo's contentions also fail to explain or state the factual basis for its bald assertion that the Asserted Claims are invalid pursuant to § 112. Instead, Perrigo merely parrots the legal standards. Ex. A at 461, 463-464, 465, 1779. Perrigo's contentions thus fall far short of disclosing its grounds for invalidity based on indefiniteness, or lack of enablement, or insufficient written description. *See, e.g., MediaTek Inc.*, 2014 WL 690161, at *6-7 (striking portions of expert report addressing written description where the Defendant's invalidity contentions identified the claim term as indefinite without providing further disclosures) (Ex. H).

## III. Relief Requested

Plaintiffs thus respectfully request that Perrigo be required to amend its invalidity contentions to fully comply with its obligation to provide fulsome meaningful invalidity contentions. In the alternative, Plaintiffs respectfully request that Perrigo should be held to its deficient contentions and be precluded, during expert discovery and at trial, from presenting any specific arguments related to motivation or expectation of success and be precluded from presenting any §112 defenses.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc: Clerk of Court (by CM/ECF & hand delivery)
All Counsel of Record (by CM/ECF & email)