SHAW KELLER LLP

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0709 - Direct
nhoeschen@shawkeller.com

October 7, 2021

**BY CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**Re: *Journey Med. Corp. v. Perrigo Pharma Int'l DAC*, C.A. No. 20-1413-CFC-JLH**

Dear Judge Hall:

Plaintiffs Journey Medical Corporation and Rose U LLC ("Plaintiffs") submit this letter in response to Defendant Perrigo Pharma International DAC ("Perrigo's) letter submitted on September 30, 2021.

## I. Secondary Considerations of Non-obviousness

The court should deny Perrigo's motion to compel because it is premature and unripe, especially in view of Perrigo's deficient invalidity contentions (*see* Plaintiffs' motion to compel, D.I. 47), Plaintiffs' agreement to produce relevant and responsive documents and information, and to supplement their interrogatory responses during the continued course of discovery. Further, fact discovery closes on February 4, 2022, and substantial completion of document production is not until October 29, 2021. Despite the Court's schedule, Perrigo essentially demands Plaintiffs, at this stage, to provide *all* discovery on secondary considerations. As discussed herein, this demand is unreasonable and not supported by the case law Perrigo cites.

Perrigo demands production on forty-three categories of documents (RFP Nos. 46, 56-61, 66-72, 74-80, 84-88, and 99-115) under the guise of secondary considerations of non-obviousness, but never explains why even one, let alone all, is relevant to this issue. In fact, many RFPs Perrigo identified are irrelevant to secondary considerations. For example, RFP 46 relates to decision or discussion about entry of a generic version of Qbrexza®; RFP 80 relates to first offer for sale, printed publication, or public use; RFPs 84 and 99-102 broadly relate to all meetings and communications between and among the entities that may have some economic interest in Qbrexza®; RFPs 107-109 and 111 relate to acquisition of the rights to the patents-in-suit and Qbrexza®; and RFPs 112-115 relate to validity and/or infringement opinions and analysis. Additionally, RFPs 68, 70-71, 85-86, 103-106 and 110 seek economic profitability calculations, forecasts and other financial data that are not relevant to commercial success because they do not reflect actual sales. *See Thompson v. Thompson,* 13 Fed. Appx 925, 929 (Fed. Cir. 2001) ("[A] prospective wish does not establish commercial success or any nexus between the claimed invention and actual sales.") RFPs 57-61, 66-67, 69, 72, 74-79, and 87-88, *might* be arguably relevant if Plaintiffs were relying on commercial success at this stage – but they are not. (*See* Perrigo Ex. 20, p. 4.)

Only RFP 56 clearly pertains to secondary considerations, but Plaintiffs have not refused to produce documents for this request. Instead, Plaintiffs have committed to producing relevant documents under Rule 33(d) in response to Perrigo's Interrogatory No. 4 on secondary considerations (*see* Perrigo Ex. 20, p. 4) and to producing documents sufficient to show periodic sales, pricing, and marketing expenses (*see* Journey Ex. 1, p. 11.) Perrigo has not explained why Plaintiffs' existing commitments to produce relevant discovery and supplementation, proportional to the needs of the case, are insufficient.

Perrigo's demand regarding Interrogatories 4-9, 11, and 13 fares no better. First, despite the profound deficiencies with Perrigo's invalidity contentions (the subject of Plaintiffs' co-pending motion to compel), Plaintiffs *have answered* Interrogatory 4 regarding secondary considerations to the best of their ability at this time, and committed to further supplement under Rule 33(d) as discovery continues. (Perrigo Ex. 20, p. 4.) Nothing more is required at this early stage: fact discovery does not close for almost four months, no depositions have been taken, and no expert discovery has occurred. *See, e.g.*, *Amberwave Sys. Corp. v. Intel Corp.*, C.A. No. 05-301-KAJ, at 20:19-21:4 (D. Del. May 3, 2006) (transcript) (Journey Ex. 2) ("[I]f you have a basis that you can put forward now, you should put it forward now. If you know, you should say. If you don't, you should say this is as much as I can now. We reserve our right to supplement in a timely manner. And I expect people to supplement in a timely manner."); *see also Natera, Inc. v. ArcherDX, Inc.*, C.A. No. 20-125-LPS, D.I. 115 (D. Del. Jan. 12, 2021) (Oral Order) (Journey Ex. 3). Perrigo makes no attempt to explain the relevance of remaining Interrogatories 5-9, 11, and 13 to any secondary considerations at issue; there is none.

Perrigo's cases are distinguishable or irrelevant and actually show that courts have implicitly recognized that complete disclosure of secondary considerations discovery can wait until discovery is much further advanced. *See, e.g., Astellas Pharma v. Actavis Elizabeth LLC*, C.A. No. 16-905-JFB-CJB, 2018 WL 5292546, at *2 (D. Del. Oct. 24, 2018) (considering motion to strike Plaintiff's supplemental interrogatory response that was provided *two months after* close of fact discovery); *Onyx Therapeutics v. Cipla Ltd.*, C.A. No. 16-988-LPS, D.I. 201 (D. Del. Apr. 16, 2018) (Oral Order) (Perrigo Ex. 22) (compelling secondary considerations discovery *four days before* close of fact discovery); D.I. 21, at 6 (Journey Ex. 4) (*Onyx* Scheduling Order); *Eurand, Inc. v. Mylan Pharm.*, 263 F.R.D. 136, 141 (D. Del. Dec. 9, 2009) (ordering supplemental secondary considerations responses about *a month before* close of fact discovery); D.I. 44, at 2 (Journey Ex. 5) (*Eurand* Scheduling Order); *Rawcar Grp. v. Grace Med.*, C.A. No. 13-1105, 2014 WL 12204105, at *5 (S.D. Cal. Jun. 6, 2014) (ordering supplemental response on a motion to compel filed *three weeks before* close of fact discovery); D.I. 31, at 4 (Journey Ex. 6) (*Rawcar* Scheduling Order); *Re: Ortho-McNeil-Janssen Pharm., Inc. v. Watson Lab., Inc.*, C.A. No. 08-5103, 2010 WL 11474622, at *3-*4 (D.N.J. Jun. 4, 2010) (ordering 30(b)(6) testimony regarding secondary consideration *after* expert reports); *Sanofi-Aventis v. Barr Labs.*, 598 F. Supp. 2d 632, 637 (D.N.J. 2009) (holding only that secondary considerations should be dealt with in opening rather than reply expert reports). Neither *Personal Audio LLC v. Google*, C.A. No. 17-1751, 2018 WL 4502202 nor *Inventio AG v. ThyssenKrupp Elevator Am. Corp.*, C.A. No. 08-874, 2009 WL 2408422 deal with validity contention interrogatories at all.

Indeed, contention interrogatories need not be fully answered until discovery nears completion. *Novanta Corp., v. Iradion Laser, Inc.*, C.A. No. 15-1033-SLR-SRF, 2016 WL

4987110, at *7-*8 (D. Del. Sep. 16, 2016) ("[A] court may defer such [contention] interrogatories until the end of discovery."); *Dalmatia Imp. Grp., Inc. v. Foodmatch, Inc.*, C.A. No. 16-2767, 2016 WL 5721161, at *1 (E.D. Pa. Oct. 3, 2016) ("[B]ecause parties have an obligation to supplement interrogatories in a timely manner when new information becomes available under Fed. R. Civ. P. 26(e), requiring responses to contention interrogatories prior to the conclusion of discovery is likely to require repeated supplementation of responses."). And as noted above, Perrigo's motion should also be denied because it has failed to provide meaningful invalidity contentions. *See Gen-Probe v. Becton, Dickinson & Co.,* C.A. No. 09-2319, 2010 WL 3516926, at *2-*3 (S.D. Cal. Sep. 7, 2010) (ordering Defendant to first "identify which of its 130 prior art references it will rely on regarding obviousness" before requiring Plaintiff to supplement interrogatories regarding secondary considerations).

## II. Priority Date (Interrogatories 1 and 15; RFP Nos. 117-118)

At this stage of the case, and in light of Perrigo's deficient invalidity contentions, which mask their actual invalidity positions, Plaintiffs have sufficiently responded to Perrigo's discovery regarding conception date, reduction to practice date and diligence on a claim-by-claim basis based on what is known at this time. (Perrigo Ex. 16, pp. 4-5.) Plaintiffs have also committed to supplementing their response as discovery proceeds.

Perrigo has also failed to explain why it needs a "set date" at this stage of litigation when it has not disclosed its invalidity theories with clarity or specificity and there is no priority dispute regarding any reference at this time. *Cf. Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*, C.A. No. 12-1285-RGA, D.I. 25 at 17:16-18 (D. Del. June 14, 2013) (transcript) (Journey Ex. 7) (requiring conception date when a priority dispute was developing). This court has routinely allowed plaintiffs to amend or supplement conception and reduction to practice dates in a timely manner as facts develop with discovery. *See Cytiva Sweden AB and Global Life Sciences Solutions USA LLC v. Bio-Rad Laboratories, Inc.*, C.A. No. 18-1899-CFC, D.I. 152 (D. Del. Oct. 30, 2020) (Order) (Journey Ex. 8) (approving denial of motion to strike supplemental response to an interrogatory addressing conception and reduction to practice served one week before close of fact discovery); 24:5-18 (D. Del. Sep. 2, 2020) (transcript) (Journey Ex. 9); *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 100-03 (D. Del. 2016) (declining to strike late-disclosed conception date, and noting that the patent holder "did not have a reason to seek to antedate the [prior art] patent until [Defendant] served its reply expert report fully articulating its . . . anticipation theory"). To the extent Perrigo identifies alleged prior art that necessitates supplementation of Plaintiffs' responses to Perrigo's interrogatories regarding conception, reduction to practice, and diligence, Plaintiffs have committed to doing so.

Finally, Perrigo's motion to compel discovery regarding prior art status of references should also be denied. Perrigo claims that it has "narrowed its inquiry to just 20 specific references," but it is clear from Perrigo's correspondence that this is not an exhaustive list of prior art references on which it intends to rely. (Perrigo Ex. 18, p. 3.) If Plaintiffs were to respond to Perrigo's list, Perrigo may well list another 20 references and so on. This whack-a-mole strategy is a blatant attempt by Perrigo to evade its obligation to provide fulsome and meaningful Invalidity Contentions. Nonetheless, as noted above Plaintiffs have provided their "priority dates" such that Perrigo has sufficient relevant information regarding "prior art status" of the identified references at this stage. (Perrigo Ex. 16, pp. 4-5.)

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc: Clerk of Court (by CM/ECF & hand delivery)
All Counsel of Record (by CM/ECF & email)