IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURNEY MEDICAL CORPORATION and ROSE U, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO PHARMA INTERNATIONAL DAC,<br><br>Defendant. | C.A. No. 1:20-cv-01413-CFC-JLH<br><br>[redacted] |

**Public Version Filed: October 14, 2021**

**DEFENDANT PERRIGO PHARMA INTERNATIONAL DAC'S**
**<u>RESPONSE LETTER REGARDING DISPUTE OVER INVALIDITY CONTENTIONS</u>**

OF COUNSEL:

Christine J. Siwik
William A. Rakoczy
Gregory A. Duff
Lauren M. Lesko
Neil B. McLaughlin
RAKOCZY MOLINO MAZZOCHI
SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 222-6304

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (No. 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300

*Attorneys for Defendant Perrigo Pharma International DAC*

Dated: October 7, 2021

Dear Judge Hall:

This firm, together with Rakoczy Molino Mazzochi Siwik LLP, represents Defendant Perrigo Pharma International DAC ("Perrigo"). Perrigo writes in opposition to Plaintiffs' September 30 letter, which disregards the disclosures of Perrigo's contentions and relevant law.

Plaintiffs announced their intent to complain about the number of references and combinations in Perrigo's contentions *before* Perrigo served them. (*See, e.g.*, Ex. 1 (Pltfs. 4/20/21 email stating they would seek to reduce the "number of obviousness references/combinations")). Plaintiffs then refused to cooperate with Perrigo's efforts to mutually narrow the issues in this case, insisting Perrigo amend its contentions as a precondition to any discussion. (*See, e.g.*, Exs. 2-4; D.I. 47-3 (Ex. C)). When Perrigo did not acquiesce, they filed their motion. Perrigo's contentions comply fully with the Scheduling Order, as the Order's plain language and relevant law make clear. (D.I. 16). Perrigo should not be forced to narrow any defense at this point, especially while Plaintiffs withhold highly relevant discovery. (D.I. 48 at 3; Ex. 5).

***A. Prior Art References And Combinations.*** The agreed-to Scheduling Order does *not* limit the number of prior art references, combinations, or pages invalidity contentions may contain. It does, however, require fulsome contentions at the case's outset, without an automatic right to supplement later. Perrigo's contentions fully satisfy the Order, identifying, *inter alia*, prior art and containing "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." (D.I. 16 ¶ 5(a)-(b)).

***Prior Art References.*** Plaintiffs argue that Perrigo's contentions are deficient because they disclose too many references or are too long. Courts have rejected such arguments. *See Depomed v. Purdue Pharma*, No. 13-571, 2016 WL 8677317, at *9-*10 (D.N.J. Nov. 4, 2016) (rejecting argument that contentions "contain[ing] hundreds of prior art references" do not provide proper notice of obviousness theories); *Tyco Healthcare Grp. v. E-Z-EM*, No. 07-262, 2010 WL 7853420, at *1 (E.D. Tex. Apr. 1, 2010) (rejecting argument that contentions were improper for being "too voluminous"); *Ultravision Techs. v. Lamar Advert.*, No. 16-374, 2017 WL 3836139, at *1 (E.D. Tex. Apr. 18, 2017) ("there is nothing improper about including too many references").

Plaintiffs cite no case under which Perrigo's prior art disclosure is unreasonable, nor any case holding that contentions with fewer references than asserted claims cite too much art. Their cases in fact show that Perrigo's 104 references are reasonable, especially with 160 asserted claims. The *Integra* court found 105 asserted claims to be a "significant number," and the defendant did not reduce its 420 references. *Integra LifeSciences v. HyperBranch Med.*, 223 F. Supp. 3d 202, 205-06 (D. Del. 2016). *Dragon* does not address the sufficiency of invalidity contentions, but rather, a motion to compel the patentee to answer an interrogatory about references, and the Court found 15 prior art references for one patent to be reasonable. (D.I. 47-3 (Ex. D) at 10). Under that reasoning, Plaintiffs here asserted 8 patents, making at least 120 references reasonable.

Further, Plaintiffs seek to limit the number of Perrigo's references before they disclose which references Perrigo can rely upon without challenge—an impermissible situation under the Scheduling Order and case law. (D.I. 48 at 3). The fact is that Perrigo, not Plaintiffs, has grounds to complain about the sufficiency of contentions. Plaintiffs' infringement contentions are deficient at least because they fail to properly disclose patent priority dates. (D.I. 16 ¶ 3(f); Ex. 7 at 1).

Finally, courts have rejected Plaintiffs' argument that the number of Perrigo's prior art references is unrelated to the vast number of asserted claims. Plaintiffs can reduce the 160 asserted claims in a way that narrows the issues and thus the art; they just refuse to do so, warranting denial of their motion. *See Ultravision*, 2017 WL 3836139, at *1 (contentions relying on "hundreds of alleged prior art references … and an astronomical number of combinations" were sufficient; noting plaintiff's criticism is "at odds with its own assertion of 80 claims"); *Virginia Innov. Sci. v. Amazon.com*, No. 18-474, 2020 WL 1275786, at *4 (E.D. Tex. Mar. 17, 2020) (same); *Am. Patents v. Coolpad Group*, No. 19-877 2020 WL 5534482, at *2 (E.D. Tex. Sept. 15, 2020) ("[T]he breadth of Defendants' invalidity contentions is not a proxy for deficiency, and is a natural result of Plaintiff asserting 86 claims as infringed." (citation and quotation marks omitted)).

***Prior Art Combinations.*** Relying on hypothetical permutations, Plaintiffs assert that Perrigo's contentions are deficient because they allegedly disclose "billions" (or "over four million") combinations. (D.I. 47-3 (Ex. C) at 2). Courts have rejected this argument because the sufficiency of invalidity contentions is not determined by the number of hypothetical prior art combinations, but by whether they provide sufficient notice of the combinations. *See Virginia Innov.*, 2020 WL 1275786, at *4 (contentions were not deficient, despite disclosing "millions of possible combinations," because they sufficiently identified the combinations); *Ultravision*, 2017 WL 3836139, at *1 (rejecting the argument that the "astronomical number of combinations" made contentions deficient). The transcript in *Deere* does not save Plaintiffs. There, the Court denied a request to limit defendant's "billions of combinations" because, like here, the *Deere* scheduling order did not limit the number of combinations (D.I. 47 at 1-2; D.I. 47-3 (Ex. E) at 250-53).

Here, for each independent claim, Perrigo identified groups of prior art that are combined to render obvious the claim and its dependent claims; disclosed the references in each group; which groups are combined; the obviousness theories applicable to the combined references, including motivation and expectation of success; and example combinations as further illustration. (App. A; D.I. 47-3 (Ex. A)). Plaintiffs never argue that Perrigo fails to properly disclose combinations using the grouping method, nor do they argue that the Scheduling Order precludes the grouping method. And where, as here, contentions "organize prior art references into groups and articulate an overarching theory of obviousness," combinations are properly disclosed, "even if [this] approach results in billions of possible obviousness combinations." *0912139 B.C. Ltd. v. Rampion USA*, No. 18-1464, 2019 WL 3082290, at *5-*6 (W.D. Wash., July 15, 2019) (citations and quotation marks omitted); *Avago Techs. v. Elan Microelec.*, No. 04-5385, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) (disclosing combinations by grouping art was sufficient, even if producing "billions" of possible combinations); *Keithley v. The Homestore.com*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (disclosure of combinations by grouping art sufficient even if resulting in millions of combinations); *Personalized Media Comm'ns v. Apple*, No. 15-1366, 2021 WL 310789, at *1, *3 (E.D. Tex. Jan. 29, 2021) (same); *Rambus Inc. v. NVIDIA Corp.*, No. 08-3343, 2011 WL 13249391, at *4-*6 (N.D. Cal. Nov. 29, 2011) (grouping properly disclosed combinations).

Plaintiffs' remaining arguments also fail. First, citing *Pharmacyclics*, Plaintiffs argue that they cannot be forced to narrow the asserted claims before Perrigo serves suitable contentions. Nothing in *Pharmacyclics* indicates that the defendants' contentions were deficient. (D.I. 47-3 (Ex. I) at 55-58, 60). *Pharmacyclics* actually shows the importance of mutual narrowing of issues, and how it is favored over forcing one party to narrow when the other party fails to cooperate. Here, Perrigo tried to mutually narrow the issues, while Plaintiffs refused to cooperate and instead

seek the type of unilateral narrowing *Pharmacyclics* rejected. Second, no reservation-of-rights language renders Perrigo's contentions deficient. (D.I. 47 at 1-2). Plaintiffs misconstrue this language, and regardless, the reservation does not allow reliance on undisclosed combinations, nor could it under the Scheduling Order. *Trudell Med. v. D R Burton Healthcare*, No. 18-9, 2020 WL 4373410, at *2 (E.D.N.C. May 26, 2020) (denying motion to strike reservations of rights). Plaintiffs' infringement contentions, by contrast, have reservations and other language allegedly allowing reliance on unidentified evidence. (Ex. 6 at 2; Ex. 7 at 1).

***B. Identification Of Limitations.*** The Scheduling Order requires "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found." (D.I. 16 ¶ 5(c)). Perrigo's charts comply by disclosing references, pin cites, and additional discussion identifying where and how each limitation is found (*e.g.*, D.I. 47-3 (Ex. B)). Yet, Plaintiffs argue other language somehow nullifies these disclosures. (D.I. 47 at 3). This misstates the contentions. Nothing therein detracts from the charts' disclosures. Perrigo merely recognizes the law under which prior art must be read in light of "the knowledge of the person of ordinary skill," and that such knowledge can properly be established using various sources. *See Randall Mfg. v. Rea*, 733 F.3d 1355, 1362-63 (Fed. Cir. 2013).

***C. Motivations And Expectations.*** Plaintiffs argue Perrigo's contentions are deficient for failing to adequately disclose motivations to combine, expectations of success, and background references. (D.I. 47 at 3). This argument fails. First, the Scheduling Order does not require such disclosures. (D.I. 16 ¶ 5). Second, courts with analogous rules have rejected this argument. *See Slot Speaker Tech. v. Apple*, No. 13-1161, 2017 WL 235049, at *7-*8 (N.D. Cal. Jan. 19, 2017) (local rules do not require motivations to combine disclosures); *Fujifilm v. Motorola Mobility*, No. 12-3587, 2015 WL 757575, at *30-32 (N.D. Cal. Feb. 20, 2015) (same); *British Telecom. v. IAC/InterActiveCorp.*, No. 18-366, 2020 WL 3047989, at *60-61 (D. Del. Jun. 8, 2020) (allowing non-charted references as background). Third, *KSR* does not require such disclosures. *See Fujifilm*, 2015 WL 757575, at *31-*32; *Slot Speaker*, 2017 WL 235049, at *7 (*KSR* "does not address local rule disclosure requirements"). Fourth, Perrigo *does* disclose example background references, and motivations to combine/reasonable expectations of success. (*E.g.*, App. A).

***D. Section 112.*** Plaintiffs argue Perrigo's contentions are deficient because they lack the factual basis for its § 112 defenses. This argument fails. First, the Scheduling Order does not require such information. (D.I. 16 ¶ 5(d)). Second, Plaintiffs' cited case does not require such information, as more recent cases make clear § 112 contentions are sufficient so long as they identify the terms at issue and the applicable statutory grounds. *See Am. Patents*, 2020 WL 5534482, at *2 ("identif[ying] 131 terms as allegedly invalid for indefiniteness" provided adequate notice); *Ultravision*, 2017 WL 3836139, at *2 (identifying "specific claim terms and the § 112 grounds pertaining to that term" was sufficient); *Integra*, 223 F. Supp. 3d at 204 (ordering identification of the limitations at issue and the portions of § 112 not met by each). Third, Perrigo's invalidity contentions provide more than is required, identifying the claims that are invalid under § 112, the invalidity grounds for each claim/limitation, the conditions and factual bases for invalidity, and exemplary explanations. (D.I. 47-3 (Ex. A) at 461-65, 1779-80).

* * *

Plaintiffs' motion should be denied, including their alternative relief effectively seeking to strike Perrigo's invalidity defenses. Alternatively, Perrigo respectfully seeks leave to amend. *See Slot Speaker*, 2017 WL 235049, at *6-*7.

Respectfully,

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (No. 3630)

DTG/ram
Enclosures
cc: All Counsel of Record (via CM/ECF)

**APPENDIX A**

**Example Disclosure Of Prior Art Combinations By Grouping From Perrigo's Invalidity Contentions For The '160 Patent, Claim 1:**[1]

| | **Applicable Disclosures (D.I. 47-3 (Ex. A))** |
|---|---|
| Identification of first group of references, Group A ('289 patent; '316 patent; '524 Wassenaar patent; '765 publication; '003 patent; '505 patent; WO '087; Hays 1978). | p. 60 |
| Identification of second group of references, Group B ('227 patent; '538 patent; '324 patent; '083 patent; '155 patent; '236 patent; '729 publication; WO '213; '562 Publication; EP '054; EP '567 Boehringer; Martin; 1996 FDA IIG; 2006 HPE; 2000 PDR (Locoid)). | p. 60 |
| Identification of the obviousness theories applicable to the combination of any references in Group A with any references in Group B, including motivation and expectation of success. | pp. 60-62, 93-96 & fns. 60, 63 |
| Identification of example combinations to further illustrate the disclosed combinations. | pp. 62-71 |
| If Plaintiffs dispute prior art teachings Perrigo puts forth, identification of third group of references, Group C (Ingallinera; Hays 1982; Storms; 2007 USP; 2000 PDR (Robinul)). | pp. 71-72 |
| Identification of the obviousness theories applicable to the combination of any references in Group A and/or any references in Group B, with any references in Group C, including motivation and expectation of success. | pp. 71-73, 93-96 & fns. 61, 63 |
| Identification of example combinations to further illustrate the disclosed combinations. | pp. 73-79 |
| If Plaintiffs dispute prior art teachings Perrigo puts forth, identification of fourth group of references, Group D ('020 patent; '676 patent; '588 patent; '524 Woods patent; '795 patent; '063 patent; '621 patent; ES '053; 2000 PDR (Hibistat)). | p. 79 |
| Identification of the obviousness theories applicable to the combination of any references in Group A, any references in Group B, and/or any references in Group C, with any references in Group D, including motivation and expectation of success. | pp. 79-81, 93-96 & fns. 62, 63 |
| Identification of example combinations to further illustrate the disclosed combinations. | pp. 81-93 |

[1] These are example disclosures relevant to the obviousness of claim 1 of the '160 patent. Perrigo's contentions also disclose other reasons why claim 1 of this patent is invalid as obvious, as well as example background references relevant to obviousness (*see* D.I. 47-3 (Ex. A) at 29, fn. 41).

**INDEX OF EXHIBITS**

| | |
|---|---|
| Ex. 1, | 4-20-21 Plaintiffs Email to Perrigo |
| Ex. 2, | 6-7-21 Perrigo Letter to Plaintiffs |
| Ex. 3, | 7-8-21 Perrigo Email to Plaintiffs (highlighting added) |
| Ex. 4, | 7-13-21 Perrigo Email to Plaintiffs (highlighting added) |
| Ex. 5, | Plaintiffs' Interrog. Nos. 14-15 Responses (relevant excerpt) |
| Ex. 6, | Plaintiffs' Infringement Contentions (relevant excerpt) [**marked CONFIDENTIAL**] (highlighting added) |
| Ex. 7, | Plaintiffs' Infringement Contentions, Exhibit 1 (relevant excerpt) [**marked CONFIDENTIAL**] (highlighting added) |